HAMITER, Justice.
In this cause, which is a sequel to City of Monroe v. Louisiana Public Service Commission and City of West Monroe v. Louisiana Public Service Commission, 233 La. 478 et seq., 97 So.2d 56 et seq., the United Gas Corporation seeks the annulment of Order No. 7711 of the Louisiana Public Service Commission wherein that body announced its refusal to act on plaintiff’s application for an increase in gas rates in that part of the “Monroe Division” lying outside the City of Monroe.
The factual background respecting the commencement of the litigation is well stated by the district judge in his reasons for *443 .judgment (in the instant case) from which we quote, in part, as follows: “United Gas ■Corporation is a private corporation engaged in distributing gas to consumers in several North Louisiana parishes and municipalities, including the cities of Monroe .and West Monroe. The whole area is referred to as the Monroe division. In 1947, the plaintiff entered into one contract with the City of Monroe and another contract with the City of West Monroe under the terms of which the plaintiff was granted ■separate exclusive franchises as a public •utility to sell gas to the inhabitants of those •cities at specified rates for a period of 25 years. In 1955, the plaintiff filed an application with the Louisiana Public Service ■Commission for an increase in price levels throughout the Monroe division, alleging that the rates fixed in those contracts and prevailing elsewhere have become confiscatory. The cities of Monroe and West Monroe filed separate pleas to the jurisdiction ■of the Commission and other exceptions attacking the right of the Commission to ■consider the application as to those cities because of the existing contracts. The ■Commission overruled the pleas and exceptions. Whereupon, the said cities instituted separate actions against the Commission * * * to enj oin the Commission. * * ”'
In such former actions the district court rendered judgments denying the injunctions .and dismissing the suits. And on consolidated appeals to this court we reversed the judgment relating to the City of Monroe .-and permanently enjoined the Commission from entertaining jurisdiction of or from holding a hearing on the application of the United Gas Corporation for a revision of ■the rates in that municipality. In our reasons for so ruling we pointed out that the ■City of Monroe had the exclusive right to ■fix rates within its limits. See City of Monroe v. Louisiana Public Service Commission, supra. However, the judgment which denied the injunction sought by the ■City of West Monroe was affirmed, we having concluded that the right to compulsorily fix gas rates in that municipality was vested by Article 6, Section 4 of the Constitution of 1921 solely in the Public Service Commission. See City of West Monroe v. Louisiana Public Service Commission, supra.
The United Gas Corporation then amended its application with the Commission so as to exclude the City of Monroe. And the City of West Monroe filed with that body an exception in which it alleged that “ * * * the Public Service Commission, though vested with jurisdiction over the parties herein, is without right to change or alter the contract validly entered into between the parties, both of whom at the time of the making of the contract were vested with the capacity to contract.” Such exception was referred to the merits; and thereafter the Commission held many hearings, during which a voluminous record resulted, relative to United’s alleged need for a rate increase in West Monroe.
Ultimately the Commission issued the order complained of here (No. 7711), it reciting: “The Commission has considered all the facts of this case, and it is of the opinion that the contract between United Gas Corporation and the City of West Monroe is binding; and that even if that contract did not exist, the Commission should not fix gas rates in West Monroe or in the remainder of the so-called Monroe District, until the question of the rates in Monroe is settled.
“It is accordingly ordered, that the application by United Gas Corporation for increased rates and charges for natural gas service in its so-called Monroe Division, exclusive of the City of Monroe, be and it hereby is denied.”
Thereupon United filed the present suit seeking to have that order set aside. The City of West Monroe and the Commission answered, they praying that the order be upheld. The Ouachita Parish School Board intervened in the action, alleging that it derived certain stipulated benefits from the rates fixed by the contract involved and, *444 accordingly, praying primarily that the Commission’s order be maintained.
The district court rendered judgment annulling and setting aside the assailed Order No. 7711. Further, it remanded plaintiff’s application to the Commission and directed that body to fix reasonable and just rates in the Monroe Division, less the City of Monroe.
The Commission, the City of West Monroe and the Ouachita Parish School Board are prosecuting the present appeal.
In their brief to this court in the instant cause appellants Louisiana Public Service Commission and the City of West Monroe state: “ * * * The issue of this case is whether the City of West Monroe can enter into a contract which will suspend the compulsory power of the Public Service Commission during the duration of said contract. * * *” And they conclude: “ * * * In the case of the City of West Monroe, the delegated contract power had been exercised, therefore, the compulsory power must lay in abeyance for the duration of the contract. This means that there can be no appeal to the Public Service Commission nor can the Public Service Commission exercise a compulsory power.”
The pleadings filed with the Commission and the district court (as well as the briefs presented here) prior to our decision in City of West Monroe v. Louisiana Public Service Commission, supra, clearly indicate that the stated issue has heretofore been presented to and considered by us, and such decision discloses that it has been definitely and finally resolved adversely to appellants.
Thus, in its jurisdictional exception originally filed with the Commission the City of West Monroe urged that that body was without right to consider the rate increase application of United Gas Corporation because of the existing contract or franchise.
Again, in the district court, in petitioning for the injunction, the City of West Monroe alleged that its plea to the jurisdiction should be upheld for several reasons, one of them-being: “Because since the Mayor and Board of Aldermen of the City of West Monroe, Louisiana, by a unanimous vote,, have authorized the execution of the franchise under consideration, since under the-law of Louisiana that is the only way that. United Gas Corporation could have a franchise granted to it by the City, and since said corporation has accepted said franchise- and has acted upon same continuously since 1947, it is clear that the only way that said franchise can be amended, modified, or its-consideration increased or decreased is by a majority vote of the Mayor and Board of Aldermen of the City of West Monroe, Louisiana.”
As before shown the trial court refused: to grant a preliminary injunction, and it subsequently denied a permanent injunction. The judgment denying the latter recited :
“This cause having been heard on a rule-for a preliminary injunction and this Court, having held:
* * * * * *
“That the City of West Monroe could’ not make any contract, by franchise or otherwise, fixing rates for gas that was-not at all times subject to revision under the police power of the State of Louisiana;.
‡ ‡ ‡
“It is ordered, adjudged and decreed: That there be judgment in favor of defendant * * * and against the plaintiff,, rejecting the demands of said plaintiff, and
# * * * * *
“Rejecting the demands of the plaintiff for a permanent injunction by which plaintiff, City of West Monroe, sought: * * * To enjoin the Louisiana Public Service Commission from holding a hearing thereon and from revising, adjusting or increasing rates for gas fixed in franchise granted by City of West Monroe to United Gas Corporation * * *.
“It is further ordered, adjudged and decreed : That the Louisiana Public Service Commission has full and exclusive jurisdic *445 tion over the rates charged for gas by United Gas Corporation in the City of West Monroe, Louisiana.”
Later, in such former case, we affirmed that judgment. City of West Monroe v. Louisiana Public Service Commission, supra.
Incidentally and interestingly, not only does it appear that the stated issue was heretofore presented and disposed of, but we notice also that the Commission (it now denies its right to act) took in the former case a position diametrically opposite to that which it presently takes. In its brief filed here in the previous case the Commission argued: “The sole issue presented by this appeal is whether the Louisiana Public Service Commission has jurisdiction over the gas rates charged by United in the City of West Monroe. In support of its attack on the jurisdiction of the Commission, the City sets up the following points in its petition:
“A. That the franchises granted by it to United fixed rates for gas which the Commission has no power to change, alter or amend;
* * í¡: # ijc
“In order to sustain its case, the City must show: First, that the Louisiana Public Service Commission has no power to alter rates fixed by franchise; * * *
* * * * * *
“In this case the City of West Monroe seeks to set up such a franchise as an inviolable contract which the Commission or the Legislature of this State cannot alter or amend. This, of course, is not an attack on the jurisdiction of the Commission as such, but on the power of the Commission, assuming it does have jurisdiction. * * * The City’s assertion, then, boils down to a statement that a corporation * * may by private contract divest a duly constituted Governmental authority of the jurisdiction and powers conferred upon it by law and may, in direct violation of * * * the Constitution of the State of Louisiana for 1921, abridge the police power of the State for twenty-five years. The mere statement of such a proposition is enough to persuade a doubtful mind that it is erroneous.
* * * * ‡
“We respectfully submit, therefore, that the franchise did not and could not in Louisiana constitute an inviolable contract insofar as rates for gas are concerned, such rates always being subject to revision by the State, acting through the Louisiana Public Service Commission * *
It is obvious therefore that the primary issue presented here — that is, whether the City of West Monroe can prevent the Commission from exercising rate making power within the limits of that municipality by granting a franchise directly to the gas distributor — was similarly presented in the former suit, and that it has been foreclosed by our judgment therein.
Appellants insist that our holding in City of West Monroe v. Louisiana Public Service Commission, supra, is not decisive here because it was modified by our later decision in United Gas Corporation v. City of Monroe, 236 La. 825, 109 So.2d 433. We do not agree. In the latter case we held only that when the City of Monroe elected' to fix rates under its contractual power it was bound by its contract which effected a limitation of its exclusively delegated police power. But here the Commission enjoys the exclusive compulsory rate making-power within the limits of the City of West Monroe, and any attempt by that municipality to prevent the exercise of such constitutional authority would be an abridgement thereof.
Having concluded that the Commission does have the jurisdiction and the-power to review and fix the gas rates in-the City of West Monroe, despite the granted franchise, we have no difficulty in determining that it has a mandatory duty to do-so. According to Article 6, Section 4 of the Louisiana Constitution, “The Commis *446 sion shall * * * exercise all necessary power and authority to supervise, govern, regulate and control all * * * public utilities in the State of Louisiana, and to fix reasonable and just * * * rates * * or charges for the commodities furnished, * * Moreover, it was conceded by counsel for the Commission, during oral argument here, that if that body does have the power to so act it is required to do so.
For the reasons assigned the judgment of the district court is affirmed.